IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MEMC II, LLC, and<br>2) MIKE MCDANIEL,<br><br>                Plaintiffs,<br><br>v.<br><br>CANNON STORAGE SYSTEMS,<br>INC,<br><br>                Defendant. | Case No. CIV-18-143-C |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Motion and Application for Relief Regarding Arbitration Award (Dkt. No. 1). Defendant filed a Response to Plaintiff's Motion (Dkt. No. 7) and Plaintiffs filed a Reply (Dkt. No. 10). The motion is now at issue.

I. Background

The events of this action arise from a contract entered into by Plaintiffs MEMC II, LLC ("MEMC") and Mike McDaniel with Defendant Cannon Storage Systems, Inc. ("Cannon"). The parties entered into a Standard Form of Agreement Between Owner and Contractor ("Contract") to build a commercial storage facility in Dallas, Texas. The contract expressly articulated various performance standards and included design specifications to which Defendant agreed to adhere during construction. The parties agreed Texas law would govern their contractual relationship and Texas substantive law would govern any disputes that arose under the contract.

After construction began, Plaintiffs made the agreed-upon payments to Defendant. Subsequently, Defendant changed the structural plans because Defendant believed certain elements of the agreed-upon structural plans were inadequate and would result in further structural issues. But Plaintiffs did not immediately fire Defendant although they made no further payments under the contract. Defendant Cannon sent a demand letter to Plaintiffs that did not yield any results regarding the parties' dispute. As a result of their irreconcilable disagreement, the parties then proceeded to arbitration. At arbitration, Defendant presented expert testimony regarding its proposed changes to the structural plans and the experts testified that those changes met or exceeded the design plan approved of in the contract. Plaintiffs' expert witnesses testified that the design plans did not meet the specifications approved of in the contract. The arbitrator found that Defendant did not construct the facility according to the contracted specifications and Defendant was therefore in breach of the contract. The arbitrator also found Plaintiffs were in breach of the contract because of non-payment to Defendant.

Plaintiffs argue that Defendant materially breached the contract first and, as a result, that would justify Plaintiffs' non-payment of its obligations under the contract. Plaintiffs argue that the Court should confirm the arbitrator's finding that Defendant Cannon breached the contract pursuant to 9 U.S.C. § 9 and the Court should find that the arbitrator exceeded her authority pursuant to 9 U.S.C. § 10(a)(4). Defendant argues that it did not materially breach the contract and that the arbitrator's award of damages to Defendant should stand.

## II. Standard

Generally, Courts are hesitant to get involved in the merits of an arbitration decision. In order for Plaintiffs to obtain relief, "they must clear a high hurdle. It is not enough for [them] to show that the [arbitrator] committed an error—or even a serious error." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010). At the time when an arbitrator inputs her "'interpretation and application of the agreement and effectively "dispense[s] his own brand of industrial justice" [is when] his decision may be unenforceable.'" Id. (citations omitted).

The Federal Arbitration Act outlines the scope of the district court's authority in these circumstances. Under 9 U.S.C. § 10(a)(4), a court may vacate an award: "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Id. "[A]n arbitration decision may be vacated under § 10(a)(4) of the FAA on the ground that the arbitrator 'exceeded [his] powers,' for the task of an arbitrator is to interpret and enforce a contract, not to make public policy." Stolt-Nielsen S.A., 599 U.S. at 671 (quoting 9 U.S.C. § 10(a)(4)).

"'The law favors arbitration and it has long been an accepted principle of law, with respect to review by a court of an arbitration award, that there exists strong presumption favoring the validity of the award.'" Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 261 F.Supp. 832, 835 (D.N.J. 1966) (quoting Nickals v. Ohio Farmers Ins. Co., 237 F.Supp. 904, 906 (N.D. Cal. 1965)). Generally, courts are "justified when the decision to be set aside is the product of the theoretically informal, speedy, and

inexpensive process of arbitration, freely chosen by the parties." In re Andros Compania Maritima, S.A., 579 F.2d 691, 701 (2d Cir. 1978).

### III. Analysis

The threshold question is whether the arbitrator exceeded her power under 9 U.S.C. § 10. In order to determine this, the Court must first explore the scope of the arbitrator's contractually delegated authority. Plaintiffs and Defendant agree that the competing breach claims and counterclaims were properly before the arbitrator. The parties agreed Texas law would govern their contractual relationship and Texas substantive law would govern any dispute that arose under the contract. At the core of the parties' dispute is whether the arbitrator's application of the material breach standard was contrary to Texas law.

Plaintiffs argue that when one party materially breaches a contract, the other party is precluded from further performance under the contract. (Pls.' Mot., Dkt. No. 1, p. 5.) Although it is not necessary to analyze that argument, it is necessary to distinguish between Plaintiffs' assertion – that Defendant committed a material breach – from the arbitrator's finding – that the Defendant did not commit a material breach when Defendant modified the structural engineering portion of the plan.

The arbitrator analyzed both claims, counterclaims, and the facts presented by both parties. "Generally, materiality is an issue 'to be determined by the trier of facts.'" Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc., 518 S.W.3d 432, 436 (Tex. 2017) (quoting Hudson v. Wakefield, 645 S.W.2d 427, 430 (Tex. 1983)). The Texas Supreme Court in Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc., 134 S.W.3d 195

4

(Tex. 2004), set forth various factors in the Restatement that are "significant in determining whether a failure to perform is material." Id. at 199. These factors include, but were not limited to:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances;
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

Id. (quoting Restatement (Second) of Contracts § 241 (1981)). In this instance, the arbitrator relied on these factors to determine if there was a material breach and did not find conclusive evidence that a material breach occurred by Defendant. (Pls.' Mot., Dkt. No. 1, Ex. 7, pp. 1-2). The contract states that "[p]ending final resolution of a claim, Cannon shall proceed diligently with performance of the contract and McDaniel shall continue to make payments in accordance with payment terms." (Pls.' Mot., Dkt. No. 1, Ex. 1, p. 5.) The arbitrator found that Defendant's initial conduct was a breach, not a material breach: "Respondents established that Cannon breached the contract by not getting owner approval for several changes to the structural plans . . . ." (Pls.' Mot., Dkt. No. 1, Ex. 7, p. 2, n. 3.) Plaintiffs argue that "the type of breach at issue categorically qualifies as a material breach under Texas law . . . and . . . by finding a breach . . . the arbitrator 'effectively []dispense[d] [her] own brand of industrial justice.'" (Pls.' Mot., Dkt. No. 1, p. 10-11.) This Court finds that that argument cannot stand and the arbitrator's

5

conclusions were well within her purview as the fact finder in concluding that Defendant's actions were not a material breach. This Court finds that the arbitrator was not exceeding her powers or dispensing her own brand of justice by awarding damages for what the arbitrator found was a breach, not a material breach, of the parties' contract; the arbitrator was acting within the scope of her contractually delegated authority.

IV.  Conclusion

For the reasons stated above, Plaintiffs' Motion and Application for Relief Regarding Arbitration Award (Dkt. No. 1) is DENIED.

IT IS SO ORDERED this 19th day of April, 2018.

ROBIN J. CAUTHRON
United States District Judge